IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JUAN-CARLOS GREENE, | § | |
| | § | No. 81, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. K2002003000 |
| STATE OF DELAWARE, | § | K2007011700 |
| | § | |
| Appellee. | § | |

Submitted: June 18, 2025
Decided: July 18, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>**ORDER**</u>

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Juan-Carlos Greene, filed this appeal from his sentencing for a violation of probation ("VOP"). The State has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.

(2) On October 21, 2021, Greene resolved multiple charges in two criminal cases by pleading guilty to possession of a firearm during commission of a felony ("PFDCF"), possession of a controlled substance (heroin), and possession of a controlled substance (cocaine). The Superior Court sentenced Greene to three years

of imprisonment for the PFDCF offense. As to the drug offenses, the court suspended his Level V time, sentencing him as follows: for cocaine possession, eight years of imprisonment, suspended for six months of Level IV home confinement or work release, followed by one year of Level III probation; for heroin possession, eight years of imprisonment, suspended for one year of Level III probation.

(3) In November 2024, a probation officer filed an administrative warrant alleging that Greene had violated probation. The VOP report alleged that Dover police had arrested Greene on October 23, 2024, for new drug charges and that Greene had tested positive for various drugs on four dates in August, September, and November 2024. At a VOP hearing on January 24, 2025, the Superior Court adjudicated Greene to be in violation of probation and sentenced him as follows: for heroin possession, eight year of imprisonment, suspended after two years and successful completion of a Level V inpatient drug treatment program for one year of Level III probation; and for cocaine possession, seven years, eleven months, and twenty-seven days of imprisonment, suspended for one year of Level III probation.

(4) Greene has appealed to this Court. He argues that his VOP sentence exceeded the time remaining on his original sentence and that the court erroneously deferred to the probation officer's sentencing recommendation. He also contends that the probation officer's recommendation was biased because, Greene alleges: (i)

2

the probation officer told the judge on the record that he was biased; (ii) the probation officer clearly wanted Greene to be imprisoned; and (iii) Greene accused the probation officer of stealing money from Greene. Finally, Greene contends that the VOP process in Delaware violates probationers' due process rights.

(5) "It is well-established that appellate review of sentences is extremely limited."[1] Our review of a sentence generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[2] If the sentence falls within the statutory limits, we consider only whether it is based on factual predicates that are false, impermissible, or lack minimal reliability; judicial vindictiveness or bias; or a closed mind.[3] When sentencing a defendant for a VOP, the trial court may impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[4]

(6) The record does not support Greene's claim that his VOP sentence exceeded the time remaining on his original sentence. Greene's original sentence required him to serve three years for PFDCF; his sentence for the drug offenses—a total of sixteen years—was suspended. Moreover, contrary to his assertion on appeal, the Superior Court did not order Greene's sentences for the drug offenses to

---

[1] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).
[2] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).
[3] *Kurzmann*, 903 A.2d at 714.
[4] 11 *Del. C.* § 4334(c).

run concurrently. Greene has not demonstrated that his VOP sentence exceeded the balance of the Level V time remaining to be served on his original sentence.

(7) Nor has Greene established that his due process rights were violated. He does not articulate any specific allegations to support this claim, relying instead on sweeping, conclusory allegations that the VOP process in Delaware generally violates probationers' rights. We find no basis for reversal as to this issue. As to Greene's remaining claims—that the probation officer was biased against him and that the Superior Court erroneously deferred to the probation officer's sentencing recommendation—his failure to provide transcripts of the VOP proceeding, as required by the rules of this Court, precludes appellate review.[5]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/Karen L. Valihura*
Justice

---

[5] *See, e.g., Martin v. State*, 2016 WL 552686, at *2 (Del. Feb. 10, 2016) ("[W]ithout a copy of the transcript of the VOP hearing and sentencing, the Court is unable to review Martin's contention that the Superior Court exhibited bias in sentencing him. Thus, the Court concludes that Martin's failure to request and include adequate transcripts of the proceedings, as required by the rules of the Court, precludes appellate review of his claims of error on appeal."); *Turner v. State*, 2014 WL 2522308, at *1 (Del. May 30, 2014) (holding that appellant's failure to provide transcript of VOP hearing precluded review of his claim that the Superior Court erroneously refused to consider his arguments challenging Crest Program representative's testimony that appellant had a behavior problem).